THE SECURITY INVESTMENT CO. *et al.* v. THE RICH-
MOND NATIONAL BANK *et al.*

No. 9850.

1. ASSIGNMENT FOR BENEFIT OF CREDITORS—*judgments and fore-
closure in another court pending appeals from assignee's dis-
allowance, will not terminate appeals, but duty of court where
appeals pending to classify judgments, credit payments,
and allow dividends on only remainder.* An insolvent com-
pany made an assignment for the benefit of creditors. It had as-
sumed an indorser's liability on notes transferred to others which
had been secured by mortgages. After the assignment, an action
was brought in another county to recover upon the notes against
the makers and the indorser, and also to foreclose the mortgages.
Before judgment was rendered in that action, notice was given by
the assignee requiring all creditors to present their claims on a
certain day, and in response to the notice the holders of the notes
presented their claims, but the assignee refused to allow them.
Appeals were taken from the decision of the assignee to the dis-
trict court. Thereafter, and before the appeals were heard, judg-
ments were rendered upon the notes, in the foreclosure action,
against the assignee and the estate. *Held*, that the rendition of the
judgments did not terminate the appeals, but the pleadings having
been amended so as to show that the claims had been merged
into judgments, it was the duty of the court upon appeal to allow
so much of the judgments as remained after crediting all pay-
ments made thereon, and also the amounts derived from the sale
of mortgaged property. *Held further*, that the claims should be
classified, and the holders of the same should be first compelled to
resort to the fund derived from the special liens, and be allowed
dividends upon only the amounts remaining unpaid after exhaust-
ing such fund.

2. ———— *judgment against a creditor seeking foreclosure, as-
signee a party, conclusive as to claim.* The assignee having
been a party in the foreclosure action, the judgment rendered
therein against one of the claimants is a final adjudication as to
the validity of the claim and the liability of the company.

Error from Mitchell District Court. Hon. Cyrus
Heren, Judge. Opinion filed July 10, 1897. *Reversed.*

*D. M. Thorp, J. W. Tucker* and *V. H. Branch*, for
plaintiffs in error.

*C. A. Smith*, for defendants in error.

JOHNSTON, J. The Security Investment Company of Cawker City, Kan., made a number of loans to B. H. North, M. A. F. North and J. H. North, taking promissory notes secured by mortgages on property in Jewell County. Before maturity, these notes were indorsed and transferred to several banks in different parts of the country. On February 7, 1891, the Security Investment Company made an assignment of all its property to W. T. Branch for the benefit of its creditors. Branch was subsequently elected as permanent assignee, and since that time has continued to act in that capacity. On August 4, 1891, the Richmond National Bank and fifteen other banks, to which the North notes and mortgages had been assigned, filed claims before the assignee against the Company upon its liability as indorser of the North notes. The claims were disallowed by the assignee, and from that decision each claimant took an appeal to the District Court of Mitchell County. In June, 1891, prior to the presentation of these claims to the assignee for allowance, a foreclosure proceeding against the Norths was begun in Jewell County, and all the banks above mentioned came in and set up their notes as well as claims to liens upon the mortgaged property. The Security Investment Company and the assignee were made parties, and judgment was asked against them upon the liability assumed by the Company by its indorsement of the notes. A receiver was appointed by the District Court of Jewell County to take possession and control of the mortgaged property during the pendency of the action. On June 23, 1892, a trial of the action was had in Jewell County and judgment upon all the notes was rendered against the Norths, and also against the Security Investment Company and the assignee, except upon the note of the Lambertville National Bank.

As to the Lambertville National Bank, it was held that there was no proof of protest, and therefore judgment was given in favor of the Security Investment Company. The mortgages were foreclosed, and there was an order that the proceeds of the sale of property which had been sold by the receiver should be paid into the court and applied to the discharge of the several judgments. At the January term of the District Court of Mitchell County the appeals from the decision of the assignee came on for trial. By agreement of all the parties the appeals were consolidated and tried together as a single case. The court allowed each of the appellants the amounts of the respective judgments which had been rendered in their favor by the District Court of Jewell County, and directed that the clerk of the court should certify to the assignee of the Security Investment Company the amounts so determined for participation and dividends in the assigned estate.

Several grounds are assigned for reversal, one of which is that the judgments upon the notes rendered in the District Court of Jewell County are final and conclusive upon the parties, and that the District Court of Mitchell County had no jurisdiction to proceed further with the appeals or to make allowances based upon the judgments. It will be observed that when the claims were presented to the assignee the judgments had not been rendered. To secure the allowances and protect their rights to a share of the assigned estate, it was necessary for the claimants to present their claims at the time and place designated by the assignee. Gen. Stat. 1889, ¶ 362. The fact that suits were then pending upon the same claims in another county, would not warrant the claimants in ignoring the notice, nor excuse them from presenting their claims to the as-

1. Judgment in another court pending appeal from assignee's disallowance will not terminate appeal.

signee. To obtain judgments against the Norths, and protect their rights in the mortgaged property, it was necessary for the claimants to proceed in the foreclosure action which had been begun in Jewell County. The judgments rendered in the latter county were binding adjudications between the parties as to the validity of the claims and the right of recovery. But the fact that the judgments were rendered did not terminate the appeals nor preclude an allowance of the claims against the estate. While the notes were merged in judgments, only the form of the indebtedness was changed, and it was still necessary that the claims should be allowed and classified. New pleadings were filed in the District Court which showed that the claims had been reduced to judgments.

On the part of the assignee it was alleged that the claims had been paid, and, further, that the property given as security for the payment of the notes, and which had been taken possession of at the instance of the claimants, was sufficient to fully pay all the claims. These matters having been alleged, it was competent to prove in the appeal cases that the claims had been reduced to judgments, and it was the duty of the court to allow so much of the judgments as remained unpaid. If payments had been made, or the mortgaged property sold, the amounts received should have been credited upon the judgments and the allowances correspondingly reduced. Judgments rendered in another jurisdiction must be presented to and classified by the assignee, and upon the appeals, the court, sitting in the stead of the assignee, must determine the amounts then due and also the rule of distribution. As the claimants held liens on property other than that assigned, they were not entitled to share

1. Duty of court to classify judgments, credit payments, etc.

equally in dividends with those who held no special security.

" The assets of the estate should be distributed upon equitable principles, and it is a recognized rule of equity that where there are two funds to which a creditor can resort, and other creditors are limited to one of them, the former will be compelled to exhaust the fund upon which he has an exclusive lien and will be permitted to resort to the other for the deficiency only." *American Nat'l Bank v. Branch*, 57 Kan. 27, 45 Pac. Rep. 88.

There is good ground to complain of the failure of the court to credit upon the judgments the payments which had been made and the money received from the sale of mortgaged property. It sufficiently appears that considerable property came into the hands of the receiver the proceeds of which should be credited on the judgments. There is also testimony tending to show that some of the mortgaged property was sold by the Norths, the proceeds of which were paid upon the mortgage debt. No credits appear to have been given for these payments, nor for the amounts realized from the sale of the property by the receiver. In the judgment entered in the foreclosure action, the court specifically recognizes that there is a fund on hand derived from the sale of the mortgaged property ; and it is therein provided that distribution among the judgment creditors will thereafter be made. Although that judgment was rendered in June, 1892, no credits have been given, and the court, instead of requiring them to exhaust the funds upon which they had an exclusive lien, directed the assignee to allow the full amounts of the claims, and authorized them to participate in dividends equally with those who held other direct claims.

The Lambertville National Bank filed a cross-peti-

tion in error, complaining of the refusal of the court
to allow its claim. The judgment ren-

**2. Judgment against creditor seeking foreclosure conclusive, when.** dered in Jewell County against the Bank
and in favor of the assignee is a final
adjudication of the liability of the Secu-
rity Investment Company on account of the indorse-
ment ; and the court rightly refused an allowance of
the Bank's claim.

None of the other objections appear to us to require
attention ; but for the error mentioned the judgment
will be reversed and the cause remanded for further
proceedings.