THE CITIZENS' BANK OF MOUND CITY, KANSAS, AND
A. G. SEAMAN, *its Receiver*, v. THE STATE OF KAN-
SAS, *ex rel.*

### No. 297.

BANKS AND BANKING — *Payment of Dividends — Secured and
Unsecured Creditors.* The rule declared in *National Bank v.
Branch*, 57 Kan. 27, 45 Pac. 88, governing proof of claims by, and
dividends to, creditors of an assigned corporate estate, where
such creditors held notes negotiated and guaranteed by the cor-
poration and secured by mortgages on real estate, that dividends
should be paid on the amount remaining unpaid on such claims
after such creditors have exhausted their special liens, is held con-
trolling in respect to the distribution of the estate of an insolvent
banking corporation in the hands of a receiver appointed under
the provisions of the state banking law.

Error from Linn district court; J. S. WEST, judge.
Opinion filed September 22, 1898. Reversed.

*John W. Poore*, for plaintiffs in error.
*Stebbins & Evans*, for defendant in error.

The opinion of the court was delivered by

MILTON, J.: The proceedings of the trial court were
upon an agreed statement of facts, in substance as
follows: On July 19, 1893, in a suit brought by the
attorney-general, a receiver was appointed by the
district court of Linn county to wind up the affairs
of the Citizens' Bank of Mound City, Kansas, the
bank being insolvent. A. G. Seaman was appointed
receiver, and immediately took charge of the affairs
and assets of the bank. While the bank was a going
concern, Milton F. Mitchell had received from it col-
lateral notes amounting to $1044.16 to secure his de-
posit of $1375.68. On February 6, 1894, Mitchell
presented his claim on his certificate of deposit to the

receiver for allowance, and the same was thereupon allowed in full. Three days later, Mitchell reported to the receiver that he had collected from the collateral notes held by him the sum of $1,089.16, and had applied it on his claim against the bank. In November, 1893, the receiver declared and paid a dividend of ten per cent., and in April, 1894, he declared and paid another dividend of five per cent., but paid no part of either of the dividends to Mitchell, and refused to pay any dividend to him. On June 14, 1894, Mitchell filed a motion asking the court to order the receiver to pay fifteen per cent. on his claim as allowed, and three days later the court heard the motion and granted the order as prayed for. The receiver, for himself and on behalf of the unsecured creditors of the bank, brings these proceedings for a review of said order.

The question for decision is whether the defendant in error is entitled to dividends on the whole amount of his claim as proved and allowed, irrespective of the collateral security held by him. Upon this question the courts of the various states are somewhat unequally divided, a majority maintaining the affirmative position. An examination of the authorities indicates that the rules applicable to the distribution of an estate assigned for the benefit of the creditors of an insolvent govern in the distribution of the estate of an insolvent corporation in the hands of a receiver. Probably the most exhaustive consideration of the question herein involved to be found in any one case is given in the opinion of the United States circuit court of appeals in the case of *Chemical Nat. Bank v. Armstrong*, 16 U. S. App. 465, 59 Fed. 372, in which it was held that the claims of creditors of an insolvent national bank cannot be reduced by any credit by collections from collateral

made after the declared insolvency of the bank, whether before or after proof of claim. An interesting case holding the opposite view is that of the *State v. Nebraska Savings Bank*, 40 Neb. 342, 58 N. W. 976, arising under the provisions of the banking law of that state.

The supreme court of this state seem to have adopted what might be denominated the minority view. In the case of *National Bank v. Branch*, 57 Kan. 27, 45 Pac. 88, the court said :

"The assets of the estate should be distributed upon equitable principles, and it is a recognized rule of equity that where there are two funds to which a creditor can resort, and other creditors are limited to one of them, the former will be compelled to exhaust the fund upon which he has an exclusive lien, and will be permitted to resort to the other for the deficiency only. (*Burnham v. Citizens Bank*, 55 Kan. 545, 40 Pac. 912 ; *Gore v. Royse*, 56 id. 771, 44 Pac. 1053 ; *Wurtz, Austin & McVeigh v. Hart*, 13 Iowa, 515 ; *Knowles, Petitioner*, 13 R. I. 90 ; *Besley v. Lawrence*, 11 Paige Ch. 581.) While the assignee allowed the claims of those who held the guaranteed mortgage bonds to the full amount, payment of a part of the debts will certainly be realized from the mortgage securities. It would be inequitable to allow these claimants a *pro rata* dividend on the whole amount of their claims when payment of a part, if not all, of it may be received from the mortgage securities to which they have exclusive right."

"A distribution may be made among those holding the mortgage securities when they have exhausted their liens, and then dividends should be declared upon the amount remaining unpaid, and not upon the full amount of the claims as allowed."

In a later case, *Investment Co. v. National Bank*, 58 Kan. 414, 49 Pac. 521, the doctrine declared in the preceding case was expressly adopted and approved.

In the light of these two cases, it appears that the decision of the trial court was erroneous. It will therefore be reversed, and the cause remanded for further proceedings.