No. 30,389.

THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF GREELEY, *Appellant,* v. THE HORACE STATE BANK and CHARLES W. JOHNSON, as Receiver, etc., *Appellees.*

(9 P. 2d 986.)

Opinion filed April 9, 1932.

J. *Graham Campbell,* of Wichita, and *W. M. Glenn,* of Tribune, for the appellant.

*Martin F. Trued,* of Tribune, and *L. S. Ferry,* of Topeka, for the appellees.

The opinion of the court was delivered by

BURCH, J.: The action was one by a board of county commissioners as a depositor in a failed bank, against the receiver of the bank. A demurrer to the petition was sustained, and plaintiff appeals. The demurrer was sustained because of noncompliance with R. S. 1930 Supp. 9-130, which reads:

"All claims of depositors and other creditors must be filed with the receiver within one year after the date of his appointment, and if not so filed such claims shall be barred from participation in the estate of such bank."

The county owed the Road Supply and Metal Company. The county clerk drew a check on the county's account in the Horace State Bank, and received a draft for $2,700, which was sent to the

Road Supply and Metal Company. The bank failed, and the draft was not paid. The county filed with the receiver a claim for the balance of its account remaining after the check for $2,700 was honored. The Road Supply and Metal Company sued the county, obtained judgment, and the judgment was paid. The county then filed its claim for $2,700 with the receiver. The receiver was appointed on July 8, 1927, and the claim was filed on December 18, 1930. The county's deposit was a general deposit, which included money obtained by taxation, apportionable to various funds, state, county, township, and school district.

The county cites the familiar cases relating to nonapplication of general statutes of limitation to the state and to subordinate political divisions, such as counties, in litigation to enforce governmental interests. The entire subject was carefully considered in an opinion by the late Justice Mason, in the case of *Osawatomie v. Miami County*, 78 Kan. 270, 96 Pac. 670. In a sense, a county does no business except public business; but as the opinion referred to shows, no attribute of sovereignty or governmental function is involved in the matter of a county keeping a bank account. Power to levy, collect and distribute taxes is governmental. The doing of ordinary business is not governmental, and in this instance the demand of the county originated from the relation of debtor and creditor between a bank and a general depositor.

The statute quoted is a statute enacted to enable the state to discharge an assumed public duty efficiently. Banking is affected with a public interest, and is regulated for the protection of that interest. When a bank fails, a state official, the bank commissioner, takes charge, and appoints a receiver who liquidates the affairs of the bank, under supervision of the bank commissioner. To enable the state, in the exercise of its regulatory function, to wind up the affairs of the bank in the most businesslike and beneficial manner, claims must be promptly presented, and one arm of the state, a county which is a depositor, has no license to thwart, by sheer negligence, the effort of another arm of the state, the bank commissioner and his receiver, to accomplish the public purpose.

The result of the foregoing is that if the statute were a statute of limitation, there would be good ground for holding it applies to a county as a depositor in a failed bank. But the statute is not a statute of limitation. It is a nonclaim statute, similar in purpose

and effect to the statutes requiring presentation within limited periods of claims against decedents' estates. According to what this court regards as the better view and the weight of authority, such statutes apply to a common claim of the state, and of a county. (*Hill Ex. v. The State,* 23 Ark. 604; *The State, ex rel., v. Edwards, Adm'r,* 11 Ind. App. 226; *In re Jacob's Estate,* 119 Ia. 176; *Mitchell's Estate,* 2 Watts [Pa.] 87; *The State v. Crutcher's Adm'r,* 2 Swan [32 Tenn.] 504.)

The cited decisions, found in 24 C. J. 325, recognize the general public policy of preserving public rights, revenues and property from consequences of neglect of public officials; but they enforce an equally cogent public policy which recognizes the imperative need that estates of deceased persons shall be speedily settled and finally closed, for the benefit of executors and administrators, creditors, heirs, and devisees, and for the general security of titles. Discussions of the necessity for stringent enforcement of nonclaim statutes may be found in the opinion in the case of *Collamore v. Wilder,* 19 Kan. 67, 81, and in the opinion in the case of *McDaniel v. Putnam,* 100 Kan. 550, 554, 164 Pac. 1167.

The statute under consideration was designed to prevent the mischiefs which experience had demonstrated attended the old dilatory method of conducting bank receiverships, and was designed to secure the great benefits to be derived from prompt and businesslike liquidation. The mischiefs would continue, and the benefits would not be realized, if some general depositors were exempt from operation of the statute, while other general depositors were not.

The judgment of the district court is affirmed.