No. 30,704.

THE NATIONAL BANK OF TOPEKA, *Appellee*, v. CHARLES W. JOHNSON, Receiver of the Farmers State Bank of Stockdale, *Appellant*.

(15 P. 2d 436.)

Opinion filed November 5, 1932.

*E. C. Brookens, E. S. Francis* and *H. L. Hart,* all of Westmoreland, for the appellant.

*Floyd A. Sloan, W. Glenn Hamilton,* both of Topeka, and *Albert M. Cole,* of Holton, for the appellee.

The opinion of the court was delivered by

HUTCHISON, J.: The appeal in this case is from an order of the trial court rendered in a proceeding in aid of execution in the same action in which a judgment was theretofore rendered. against the receiver of the Farmers State Bank of Stockdale.

The principal question involved is whether the bringing of an action in the district court against the receiver of an insolvent bank, serving him personally with summons and obtaining a personal judgment against him as receiver, and serving him with a certified copy of the judgment, all within one year after his appointment, is a substantial compliance with the provisions of R. S. 1931 Supp. 9-130 requiring the claim of a creditor to be filed with the receiver within that time. No formal claim as such was filed with the receiver. No defense was made by the receiver in the action to recover judgment against him as receiver of the insolvent bank, and

no appeal was taken by him or any of the other defendants against whom the judgment had been rendered. After an execution had been issued on the judgment against the receiver and returned unsatisfied this proceeding in aid of execution was commenced by plaintiff in the same action.

There was no substantial dispute as to the facts, which, in addition to those above stated, showed that the receiver had already paid to the creditors of the insolvent bank, whose claims had been filed and allowed, two dividends amounting to 65 per cent of the claims allowed, and in addition he had on hand approximately $2,700. The amount of the judgment rendered in favor of the plaintiff and against the receiver and other defendants was $1,627.70 with interest. At the close of the hearing before the trial judge on the proceeding in aid of execution the court directed the receiver to pay a dividend of 65 per cent of the plaintiff's judgment, and also future dividends to plaintiff in the same proportion as paid on other common claims allowed against the insolvent bank.

The language of the statute requiring the filing of claims (R. S. 1931 Supp. 9-130) is as follows:

"All claims of depositors and other creditors must be filed with the receiver within one year after the date of his appointment, and if not so filed such claims shall be barred from participation in the estate of such bank."

It has frequently been held that this is not a statute of limitation but a nonclaim statute and enacted for the purpose of aiding and enabling the receiver to close up the affairs of the bank without great delay. The appellant insists that since no claim was actually filed with him the claim is barred from participating in the assets of the bank. The appellee contends that the personal service of summons on the receiver and bringing him into court to try out the merits of the plaintiff's claim and the obtaining of a personal judgment, a certified copy of which was served on him, all within the year, was a substantial compliance with the requirements of the statute and afforded him all the information that could have been furnished by the filing of a formal claim and more, because it carried the approval of the court. Appellant cites *Palmer v. Johnson,* 132 Kan. 161, 294 Pac. 874; *Conrad v. Johnson,* 134 Kan. 120, 4 P. 2d 767; and *Greeley County Comm'rs v. Horace State Bank,* 135 Kan. 126, 9 P. 2d 986, none of which are exactly in point because in all of them the claims were filed after the year had ex-

pired, while in the instant case no formal claim was ever filed but an action was brought instead. In the Greeley county case it was said:

"But the statute is not a statute of limitation. It is a nonclaim statute, similar in purpose and effect to the statutes requiring presentation within limited periods of claims against decedents' estates." (p. 127.)

It has frequently been held that under the nonclaim statute concerning decedents' estates (R. S. 1931 Supp. 22-702), that an action commenced will take the place of the filing of a claim or making a demand, but there is a special statute so directing in settlement of decedents' estates (R. S. 22-704).

The Conrad case, *supra,* was where the claim was not made against the receiver until long after the expiration of the year allowed for that purpose, and the reason assigned by the creditor was that the claim was based upon the tortious fraud of the bank, and the injurious consequences of such fraud had not been ascertained and adjudicated until the time had expired. It was held in that case that such litigation and fraud would not extend the time for making the claim, but in the opinion it was said:

"She could not toll the statute by simply letting matters drift until the conclusion of her lawsuit with Bestwick. She could have impleaded the bank in that litigation. She could have filed a claim with the receiver in the nature of a caveat without waiting the result of the Bestwick litigation." (p. 124.)

Thus holding that if the creditor had impleaded the receiver in her litigation with other parties, the receiver would have had sufficient notice of her claim to be a substitute for the formal notice. The whole purpose of the statute is accomplished when the receiver has notice in some substantial and formal manner of such a claim and an opportunity to act upon it. When a receiver is made defendant in a civil action where a money judgment is sought against him as receiver and he is personally served with summons in the action, he has sufficient notice of there being a claim to resist it, or give it consideration among the other claims filed formally under the statute, and especially is this true when, before the expiration of the year, he is formally served with a certified copy of the journal entry of judgment rendered against him as receiver upon default. It is said in 24 C. J. 320 with reference to the effect of an action against the administrator of an estate where there is no statute on this subject, as we have in Kansas, making the action in decendents' estates equivalent to making demand—

"Although there is some authority to the contrary, the weight of authority supports the view that the commencement of a suit and its continuous prosecution operates as a presentation of a claim or obviates the necessity of presentation, even though claimant does not succeed in his action."

Appellant cites *Investment Co. v. National Bank*, 58 Kan. 414, 49 Pac. 521, and other cases in support of his claim of right to require the property of the other two judgment debtors to be exhausted before he should be required to pay any on this judgment, and then to be liable for only the balance uncollectible from the others, and he also claims to be entitled to an assignment of the judgment against the other two defendants to reimburse him. If this claim of right be admitted it should have been exercised in the action for judgment. A classification was made in the judgment rendered notwithstanding the default of the receiver and one other defendant. It was held in *Pattison v. Kansas State Bank*, 121 Kan. 471, 247 Pac. 643, that—

"A judgment rendered upon default, where the defendants were duly summoned and the court had acquired jurisdiction of the parties and the subject matter, is binding upon them, and errors, if any were committed, in its decision as to the sufficiency of the pleadings or in its findings upon the facts, must be corrected upon appeal and are not open to collateral review." (Syl. ¶ 1.)

The trial court did recognize the relative rights of the several defendants as to their liability to the plaintiff and the liability of the defendants to each other, by holding that they were all liable to the plaintiff, and decreed that if defendant St. John should be compelled to pay all or any part of the judgment he would be entitled to recover therefor from either of his codefendants, and that the receiver would be entitled to recover from his codefendant, Springer, any amount paid by him on the judgment. There is argument made to the effect that St. John was the defendant primarily liable, but that matter and all questions as to superior claims among defendants and concerning collateral security were proper subjects for consideration in the original action and cannot now be reviewed when no appeal was taken from the judgment rendered therein upon default.

The judgment is affirmed.

SLOAN, J., not sitting.