E. L. Morrison, *Receiver v.* Bank of Rupert, *a Corporation, et als.*

(No. 9003)

Submitted October 17, 1939. Decided October 31, 1939.

*G. Gilmer Easley,* for appellant.

HATCHER, JUDGE:

The Bank of Rupert, an insolvent, has been in charge of a receiver appointed by the banking commissioner, since 1932. This suit was brought in 1939, under Code, 31-8-32, to complete the liquidation of the Bank, and involves the disposal of three classes of unclaimed deposits.

The commissioner in chancery to whom the cause was referred reported, after due publication of notice to the creditors, that there were twenty-five deposits of more than $5.00 for which claims were not presented (one class); two hundred and six deposits of less than $5.00 for which checks had been issued and mailed by the receiver to the last known addresses of the depositors, and had been returned, undelivered (another class); and two deposits, proven, but unclaimed (the third class). The circuit court, in a decree confirming prior distribution by the receiver, ordered that the sums payable or to become payable on these deposits be turned over to the general receiver of the court. The receiver of the Bank appealed. His position is that these deposits should be distributed to the creditors who have proven their claims and can be located.

1. The statute provides that any claim, not "presented and allowed before any decree of distribution becomes final, shall be forever barred" from participation in that or a prior distribution, confirmed thereby. Such a provision is considered as "part and parcel of a complete scheme of liquidation, and given effect accordingly." Glenn on Liquidation, sec. 455. The provision is similar in "purpose and effect" to those of other statutes barring unproven claims in the settlement of decedent's estates and in suits by judgment lien creditors. *Board of County Com'rs.* v. *Bank,* 135 Kans. 126, 9 Pac. (2d) 986. Since the relation between a bank and a general depositor is ordinarily that of debtor and creditor (9 C. J. S. 546), we see no reason for not following here the practice in such proceedings. Under that practice, sums representing unproven claims are not segregated from the general distribution. Furthermore, the statute, upon later proof

(how made not specified), permits such claims to participate in later dividends, if any.

2. The statute provides "That without regard to priority, the receiver may at any time pay in full the claim of any creditor which is less than five dollars." The payments attempted hereunder by this receiver were based on the books of the Bank, and constituted, in effect, a temporary allowance of the deposits, valid if effectual. But the allowance, if futile, is not such as will survive the suit. The statute contemplates complete and effective liquidation of an insolvent banking institution. To those ends the statute will not permit a deposit not actually claimed and allowed to survive the suit. We are of opinion that the deposits less than five dollars, which are not claimed by the depositors before the final distribution, should be included in the fund available to the diligent claimants.

3. Only claims not presented and allowed are barred by the statute. After allowance, inability of the receiver to make timely payment of the claims does not effect their integrity. Upon a decree of final distribution the sums payable on claims of this class should be turned over to the general receiver of the court to hold for and pay to the claimants. The decree appealed from, however, does not provide for a final distribution. Consequently, the ruling on this class of claimants was premature and must be reversed, as well as the ruling on the other two classes. This reversal shall have no effect on the other parts of the decree.

*Reversed and remanded.*