No. 31,333

E. L. Bowers, *Appellant,* v. C. H. Carlson, *Appellee.*

(32 P. 2d 246.)

Opinion filed May 5, 1934.

*B. J. Lempenau, J. J. Schenck* and *C. P. Schenck,* all of Topeka, for the appellant.

*Charles Rooney,* of Topeka, for the appellee.

The opinion of the court was delivered by

Thiele, J.: This was an action on notes transferred in connection with a trade of real estate, and the appeal is from an order granting a new trial.

The petition alleged two causes of action upon two notes, each for $450, both made by R. L. McRoberts, to appellee C. H. Carlson, and indorsed in blank by Carlson and delivered to appellant. McRoberts made default. Carlson answered admitting execution of the notes by McRoberts and denying indorsement of the notes as

alleged in plaintiff's petition, and alleging that he "signed over to plaintiff the note without recourse"; that the notes were so signed over pursuant to an article of agreement between plaintiff and defendant dated April 20, 1931, a copy being attached; that at the time of the transaction it was mutually agreed and understood by plaintiff and defendant that the notes were to be indorsed without recourse by the defendant, and that no obligation of any kind or character was to attach to defendant by reason of his signing over the notes to plaintiff.

Briefly stated, the real-estate contract provided for the exchange of real estate, and Carlson was to pay Bowers:

"$1,100 cash and two (2) notes of $450 each given to Carlson by J. R. McRoberts to be signed over to first party properly."

At the trial plaintiff presented his evidence, and defendant's efforts to cross-examine plaintiff's agent Nelson concerning the contract and the agreements respecting the notes, were met by objections which the trial court sustained. The defendant took the stand in his own behalf and identified the contract, which was offered in evidence and refused.

The jury was then dismissed and the matter argued and submitted to the court which thereafter rendered judgment in favor of plaintiff against McRoberts and Carlson. Carlson filed his motion for a new trial on the ground the court erred in sustaining objection to the introduction in evidence of the contract, and on account of adverse rulings.

When the motion was argued, the court heard testimony concerning the manner in which the contract was originally drawn, how it was modified before execution, how it was executed and delivered, and how the notes were assigned and the circumstances under which they were delivered, and likewise heard the argument that all documents were contemporaneous and admissible in evidence, and concluded that it was in error in sustaining the objection to the introduction in evidence of the contract and that the motion for a new trial should be sustained upon that ground and for no other reason, and made its order accordingly.

The plaintiff appeals and assigns as error the admission of evidence on the motion for a new trial, and the granting of a new trial.

In *Atkinson v. Darling*, 107 Kan. 229, 191 Pac. 486, it was said:

"Ordinarily no reversible error can be based upon the granting of a new

trial unless the trial court indicates the exclusive and specific ground upon which the new trial is granted, and unless that ground happens to be one which the supreme court is in as good a position to consider and determine as the trial court." (Syl. ¶ 2.)

Here the court specified the ground on which it based its order. Are we in as good a position as the trial court to determine the matter?

It may first be observed that the testimony produced on the motion for a new trial was offered for perhaps two purposes: One that it had to be offered either by testimony of witnesses or by affidavit in order to be available on appeal if the new trial be refused, the other, to convince the trial court it had erred. It may or may not be all the testimony that the moving party could or would produce if a new trial was granted. It was sufficient to show to the court that the indorsement of the notes was part of a contemporaneously executed contract of sale and the carrying out thereof, and that, other questions aside for the moment, the contract should have been admitted for what it was worth as evidence. (See *Milling Co. v. DeWitt*, 65 Kan. 665, 70 Pac. 647; *Diehl v. Barker*, 137 Kan. 255, 263, 20 P. 2d 534.)

The question then arises whether the statement in the contract is ambiguous and whether parol testimony is admissible to explain the ambiguity, if any. It is apparent that the expression "two notes . . . to be signed over to first party properly" meant different things to the parties to the contract, and may be said to be ambiguous. It is true that the pleadings do not ask for reformation of the contract to make it express more definitely the appellee's claimed version, nor is there any allegation of mutual mistake, but whether the answer should be amended or not was a matter that rested in the sound discretion of the trial court and, in event of a new trial, would so rest. We do not deem it necessary to discuss appellant's contentions with respect to parol evidence to change an unqualified indorsement into a restricted indorsement. In view of the fact there appear to be contemporaneous written documents here, which must be construed together, that general rule may not apply.

We are not convinced the trial court erred in granting a new trial, and its order is affirmed.