No. 35,264

RILE DENNEY, *Appellee*, v. FLOYD FARWELL, *Appellant*.

(118 P. 2d 548)

Opinion filed November 8, 1941.

*George Barrett* and *Robert G. Miller*, both of Pratt, for the appellant.
No appearance was made for the appellee.

The opinion of the court was delivered by

DAWSON, C. J.: This was an action for damages for alienation of the affections of plaintiff's wife.

A jury returned a verdict for plaintiff, which the trial court set aside and granted a new trial on motion of defendant. Not content with that order, defendant appeals, contending that the evidence was insufficient to take the case to the jury and that his demurrer should have been sustained, or that the jury should have been directed to return a verdict in his behalf.

In passing on the motion for a new trial the court did not indicate on which of the several statutory grounds the motion was sustained. The record recites that "evidence in support of said motion was duly submitted to the court, and after argument of counsel the same was considered, and the court found that said motion should be sustained." What the nature and extent of the evidence offered in support of that motion might be, the record does not show. But even if it went no further than what was adduced at the trial before the jury we could not say that the evidence, which we have carefully read, was so tenuous and unsubstantial that the trial court should have disposed of the case on defendant's demurrer or on his motion for a directed verdict.

The pertinent rule of appellate review for testing the propriety of an order granting a new trial is that unless the trial court specifies the specific ground on which the new trial was granted, and unless

that particular ground happens to be one which the supreme court can deal with as readily as the trial court, the order granting a new trial will not be disturbed. (*Graf v. Investment Co.*, 72 Kan. 675, 83 Pac. 821; *Atkinson v. Darling*, 107 Kan. 229, 191 Pac. 486; *Bowers v. Carlson*, 139 Kan. 396, 32 P. 2d 246.)

We do not fail to note that the order granting a new trial is not formally assigned as error in this appeal, but we think the appeal turns on the propriety of that order nevertheless, since we have no means of knowing whether the very point for which the defendant contends—the insufficiency of the evidence—may or may not have been the trial court's reason for ordering a new trial. (See *Halverson v. Blosser*, 101 Kan. 683, syl. ¶ 7, 168 Pac. 863; 4 C. J. 668-670, id. 782-785.) It follows that this appeal must be dismissed. It is so ordered.