Howe v. City of Florence.

No. 26,499.

STANLEY W. HOWE, *Appellant*, v. THE CITY OF FLORENCE et al.,
*Appellees.*

SYLLABUS BY THE COURT.

1. MUNICIPAL CORPORATIONS—*Improvement Bonds—Estoppel to Enjoin.* A resident taxpayer of a city who sits by and sees various paving projects completed and bonds of the city issued to pay therefor, and who for two years pays such taxes upon his property as are levied to pay interest and principal on such bonds, is barred by his laches from maintaining an action to enjoin the city from refunding such bonds because of irregularities in the paving proceedings or in the form of the paving bonds.

2. PLEADING—*Demurrer—Laches as Ground.* When a petition shows on its face that plaintiff's action is barred by his laches, the question may be raised by demurrer to the petition.

Appeal from Marion district court; CASSIUS M. CLARK, judge. Opinion filed June 12, 1926. Affirmed.

*Stanley W. Howe,* of Florence, *pro se.*

*Jay E. Hargett* and *Branden C. Johnston,* both of Marion, for the appellees.

The opinion of the court was delivered by

HARVEY, J.: This is an action by a resident taxpayer of the city of the second class to enjoin the city and its officials from issuing certain refunding bonds. The trial court sustained a demurrer to plaintiff's petition, and he has appealed.

In addition to matters not necessary to be reviewed here, the petition alleges that plaintiff has been a resident of the city since 1920, and a taxpayer since 1922, and that the defendant, by various separate projects in 1921 and 1922, paved certain streets within the city, as shown by ordinances No. 304, of July 30, 1921; No. 305, of July 29, 1921; No. 312, of October 30, 1921; No. 314, of December 13, 1921; and No. 316, of July 13, 1922. Bonds of the city were issued for the payment of these various projects. On October 16, 1924, the city passed ordinance No. 359, providing for issuing refunding bonds to take up some of the bonds of the paving projects above mentioned, and which were due November 1, 1924. It is this issue of refunding bonds which plaintiff seeks to enjoin. He alleges various defects and irregularities in the proceedings of the respective paving projects and in the forms of the paving bonds issued. It will be observed that the present holders of the paving bonds, which the city is attempting to refund, are not parties to this ac-

tion; their rights cannot be determined here, for they are not before the court.

From the brief of appellee it appears that the trial court took the view that plaintiff was barred from prosecuting this action, if not by a specific statute of limitation, then by his laches. We agree with this view. The action was not brought within the thirty days provided by statute (R. S. 13-906) "to set aside or in any way contest or enjoin" the levy of special assessments for such pavements. The statute applies to void assessments as well as irregular ones. (*Park Association v. City of Hutchinson*, 102 Kan. 488, 491, 171 Pac. 2, and cases there cited.) No action to enjoin the assessments for the various paving projects was brought within the time named in the statute. The city, therefore, could rightfully deem itself authorized to proceed with the respective projects.

This action, however, is not predicated upon R. S. 13-906, but upon R. S. 60-1121, under which a private citizen, as taxpayer, may enjoin a proposed illegal bond issue. (*Hartzler v. City of Goodland*, 97 Kan. 129, 154 Pac. 265.) But in this case, whether the refunding bonds are invalid and should be enjoined depends upon whether the paving bonds, issued to pay for the several paving projects above mentioned, are void. So the real question before us is, Can the plaintiff in this action, begun November 1, 1924, question the validity of the paving bonds issued for the various paving projects in 1921 and 1922? Obviously it would be decidedly inequitable to permit them to be questioned in this action, even if it were possible, since the city and its property owners have the pavement, the holders of the paving bonds have parted with their money for them, and are not parties to this action. Plaintiff was a resident of the city when each of the paving projects was under way, and a resident taxpayer when some of them were carried out; he stood by and saw the improvements made, the bonds issued and sold to pay for them, and paid such taxes, levied to pay interest and principal thereon, as were assessed against his property for the years 1922 and 1923. He is now estopped by his laches from questioning their validity. (*Meistrell v. Ellis County*, 76 Kan. 319, 91 Pac. 65; *True v. McCoy*, 119 Kan. 824, 241 Pac. 249; *Kirsch v. City of Abilene*, 120 Kan. 749, 244 Pac. 1054.)

When the petition shows laches on its face the question may be raised by demurrer. (*City of Leavenworth v. Douglass*, 59 Kan. 416, 53 Pac. 123.)

The judgment of the court below is affirmed.