No. 30,763.

THE CITY OF LAWRENCE, *Plaintiff*, v. WILL J. FRENCH, Auditor of State, etc., *Defendant*.

(18 P. 2d 570.)

Opinion filed January 28, 1933.

*A. B. Mitchell,* city attorney, and *Albert B. Martin,* of Lawrence, for the plaintiff.

*Roland Boynton,* attorney-general, and *Walter T. Griffin,* assistant attorney-general, for the defendant.

The opinion of the court was delivered by

HUTCHISON, J.: This is an original proceeding in mandamus brought by the city of Lawrence, a municipal corporation, to compel

the defendant, Will J. French, auditor of the state of Kansas, to draw his warrant upon the state treasurer for $2,247.89, payable to the treasurer of Douglas county for the benefit of the plaintiff, as a refund of taxes to which the plaintiff claims to be entitled under section 10 of chapter 287 of the Laws of 1929 on account of its purchase and use of motor-vehicle fuel in Douglas county during the period from May 6, 1925, to and including March 31, 1931, it having paid the statutory tax and used the fuel for municipal purposes.

The motion for a writ of mandamus has attached thereto as exhibits copies of the verified application for refund, filed December 12, 1931, the certificate of approval thereof by the board of county commissioners of Douglas county, and the gasoline refund claim of the plaintiff, also a letter of defendant dated December 16, 1931, refusing to draw such warrant. An alternative writ was issued, and to it the defendant has filed a motion to quash and set aside the writ for the reason that it does not state facts sufficient to constitute a cause of action, and because the writ and motion therefor show that plaintiff is not entitled to any relief against the defendant.

The claim is for a refund of two cents per gallon on the part purchased and used by plaintiff between May 6, 1925, and April 1, 1929, under the provisions of chapter 274 of the Laws of 1925, which permitted a refund of taxes paid in connection with the purchase and use of motor-vehicle fuel "for the purpose of operating or propelling stationary gas engines or tractors used exclusively for agricultural purposes," and for a refund of three cents per gallon on the part purchased and used by plaintiff between April 1, 1929, and March 31, 1931, under the provisions of chapter 287 of the Laws of 1929, which permitted a refund of taxes paid in connection with the purchase and use of motor-vehicle fuel "for any purpose other than operating or propelling motor vehicles on public roads, state highways, streets and alleys." The authority for such refund under these two acts, being limited as above quoted, is not free from difficulty to determine whether the only purpose stated in the motion for the writ, viz., municipal purposes, comes within these two separate limitations.

A more serious and determinative question involved is the limitation prescribed by both these statutes as to the time within which claims for refund must be filed. The last sentence of section 11 of chapter 274 of the Laws of 1925, the section authorizing the refund, is as follows:

". . . *Provided,* That all claims for refund provided for herein not filed in 60 days from last day of the quarter in which the purchase is made shall be forever barred."

Exactly the same language is found as the last sentence of section 10 of chapter 287 of the Laws of 1929, the section authorizing the refund in the later act. This last-named act was repealed by chapter 307 of the Laws of 1931, and was thereby rendered ineffectual after April 1, 1931, and the claim statement in this case gives the last purchase as March 31, 1931. The claim was not presented to the board of county commissioners until December 7, 1931, and filed with the state auditor December 12, 1931, more than eight months after the last purchase that could possibly have been made under the refund provision relied upon by the plaintiff, as stated in its motion for the writ.

These nonclaim provisions of the refund statute make no exceptions of cities or other governmental agencies, and they apply to the plaintiff just the same as to any other purchaser or user of fuel. In the case of *Greeley County Comm'rs v. Horace State Bank,* 135 Kan. 126, 9 P. 2d 986, it was held that the board of county commissioners was no exception to the rule requiring claims to be filed with the receiver of an insolvent bank within a year after his appointment, the syllabus being as follows:

"The nonclaim statute providing that the claims of depositors in a failed bank must be filed with the receiver within one year from his appointment (R. S. 1930 Supp. 9-130) applies to the claim of a county which was a general depositor in a bank which failed."

It was further said in the opinion that—

"The result of the foregoing is that if the statute were a statute of limitation, there would be good ground for holding it applies to a county as a depositor in a failed bank. But the statute is not a statute of limitation. It is a nonclaim statute, similar in purpose and effect to the statutes requiring presentation within limited periods of claims against decedents' estates. According to what this court regards as the better view and the weight of authority, such statutes apply to a common claim of the state, and of a county." (p. 127.)

The claim of the city of Lawrence was certainly nothing more or better than a common claim like that of all other purchasers of fuel from dealers, like the many other depositors in a bank. The money in the bank belonged to the county government, but the court there held that no attribute of sovereignty or governmental function was involved in the matter of the county keeping a bank

account, and the demand of the county for its funds on deposit created the relation of debtor and creditor. How much more so is the city as a purchaser and user of motor-vehicle fuel doing only an ordinary business, the same as the multitude of others who preceded and followed the city's agents at the dealers' stations, and when the city paid the tax and asked for a refund thereof, as many of the others probably did. The Greeley County Commissioners case, *supra*, is distinguished in the opinion from the case of *Osawatomie v. Miami County*, 78 Kan. 270, 96 Pac. 670, where a governmental function was said to have been involved, in that it was claimed the county had diverted to its own treasury a part of the money it had collected upon taxes levied by a city. A similar distinction was made in the case of *City of Frankfort v. Warders*, 119 Kan. 652, 240 Pac. 589.

In the case of *School District v. Ottawa County Comm'rs*, 133 Kan. 528, 2 P. 2d 88, the question involved was that of diligence in presenting a check in conformity to the statute requiring it to be presented in a reasonable time (R. S. 52-1703), and it was held that—

"A county treasurer is authorized by statute to disburse the funds in his hands belonging to school districts of his county by check or draft, and the statutory rule of diligence will apply to the act of the school-district treasurer who receives and accepts such check or draft in attempting to collect it according to the banking usages." (Syl. ¶ 1.)

Nonclaim statutes are made to facilitate business, and the plaintiff city, in its claim as a creditor under a statute which makes no exceptions, should be bound by its provisions, as well as other purchasers and users. (37 C. J. 710.)

The purchase and use of fuel by a city is a business transaction rather than the exercise of a governmental function, and the attempt to recover a refund under a special statute authorizing others of a special class to do the same is the act of a creditor against a debtor. The plaintiff has invoked this refund statute to establish its right to recover, and it cannot justly nor legally avoid its limitations and restrictions. It would be very different if it based its claim on some other ground. The nonclaim provision might not then apply.

Holding, as we do, that the nonclaim provision of the refund statute applies to the plaintiff city, the motion to quash and set aside the alternative writ must be sustained.

Counsel for plaintiff ably presents and argues several reasons why the plaintiff should recover, among them the invalidity of the law, the nature and kind of tax imposed thereby on fuel or the use of it, the authority of the state to exact such a tax, the questionable policy of attempting to impose it upon political subdivisions of the state, and constitutional questions, but we are compelled to disregard all such objection to the law on which the plaintiff by its pleading relies for its recovery. If any one of the numerous reasons for the invalidity of the law should be sustained, the plaintiff could not recover thereunder, although it might possibly have recovered upon some ground entirely aside from the refunding statute.

The motion to quash the alternative writ is sustained and the writ is denied.

THIELE, J., not participating.