No. 33,076

ETHEL WENTWORTH and MABEL THATCHER, *Appellees*, v. THE FIRST TRUST COMPANY OF WICHITA, *Appellant*.

FLORENCE ESTELLE McVEIGH, *Appellee*, v. THE FIRST TRUST COMPANY OF WICHITA, *Appellant*. (MARGARET BERGGRAF OLIVER, HOMER HUDSON, VIOLA KEMP and JOE HUDSON, Intervenors, *Appellees*. THE STATE OF KANSAS, ex rel., Intervenor, *Appellant*.)

(77 P. 2d 976)

Opinion filed April 9, 1938.

*Clarence V. Beck,* attorney general, *L. A. Hasty* and *Martin P. Shearer,* both of Wichita, for the appellants.

*Austin M. Cowan, C. A. McCorkle, W. A. Kahrs, Robert H. Nelson, Henry L. Butler, Roy H. Wasson* and *Clair E. Robb,* all of Wichita, for the appellees.

*Robert C. Foulston, George Siefkin,* both of Wichita, *Carey Caldwell, Richard L. Wheatley* and *Jesse L. Ballard,* all of Vinita, Okla., for the intervenors-appellees.

The opinion of the court was delivered by

ALLEN, J.: These cases arise on the issue of ownership and right to possession of the real estate owned by Margaret Schindler at her death on March 15, 1930. She left no known heirs or will, and was a resident of Sedgwick county at the time of her death.

On March 17, 1930, the First Trust Company of Wichita was appointed and qualified as administrator of the estate of Margaret Schindler, deceased, in the probate court of Sedgwick county.

On August 24, 1931, Florence Estelle McVeigh commenced her action in the district court of Sedgwick county, in ejectment, claiming title and right of possession to the real estate in question as the heir of Margaret Schindler and the grantee of the only other heir, Wallace Adam Sherer.

On October 4, 1931, Ethel Wentworth and Mabel Thatcher commenced their action in the same court, claiming title and the right to possession of the real estate in question as the sole heirs of the deceased, and later, with court permission, other members of their families were allowed to intervene and claim an interest through the same family tree.

The state of Kansas thereafter, by motion, questioned the jurisdiction of the district court in these cases, and from an adverse ruling presented its appeal to this court, where the lower court was affirmed and the cases remanded for trial, with directions that they be consolidated for that purpose. (*McVeigh v. First Trust Co.,* 140 Kan. 79, 34 P. 2d 571.)

Thereafter Florence Estelle McVeigh obtained permission of the trial court to file an amended petition, making new parties defendant, and did file such a petition and obtained publication service on all of the unknown heirs, etc., of Margaret Schindler, deceased.

March 13, 1935, Margaret Berggraf Oliver, with leave of court, filed an intervening petition in these actions, claiming title and right of possession to the same real estate, as the sole heir of the deceased.

The state of Kansas intervened, with leave of court, and, together with the First Trust Company of Wichita, took issue with each and all claimants on all material allegations, denying, among other things, all claims of heirship or title, but admitting possession by the defendant trust company and setting forth the circumstances of the possession.

The petitions of the three sets of claimants each set up their claimed family tree and each claimed Margaret Schindler belonged to their particular family tree, and by subsequent pleadings each denied the claims of the other claimants in that respect. Each petition asked for an accounting of rents and profits.

The trial of these cases commenced April 22, 1935, and closed April 26, 1935. On May 8, 1935, the court made findings of fact and

conclusions of law, and concluded from such findings "that Margaret McCormick Burggraf Oliver inherited the property of Margaret Schindler, deceased, and is the owner of the real estate in controversy herein."

Subsequent proceedings in these various causes is thus shown in the abstract:

"Thereafter, and within three (3) days, Florence Estelle McVeigh, plaintiff; Ethel Wentworth and Mabel Thatcher, plaintiffs; Homer Hudson, Viola Kemp, and Joe Hudson, intervenors; the First Trust Company of Wichita, Kan., defendant; and the state of Kansas filed motions for a new trial, motions for additional findings of fact and conclusions of law made by the court herein, and motions for judgment.

"Thereafter, and to wit, on July 9, 1935, said motions come on regularly to be heard, and the state of Kansas and others of the moving defendants introduce evidence including affidavits on said motions for new trial, and thereafter all motions are orally argued to the court, and the court on its own motion continues the matter for further evidence or argument until September.

"Thereafter, and to wit, on the 24th day of September, 1935, the matter comes on for further hearing upon the motions filed as aforesaid, and the plaintiffs, Ethel Wentworth and Mabel Thatcher, offer further evidence at said time, and the court being advised in all of the premises, finds that the finding of fact heretofore made should be changed and corrected in the following particulars, to wit: [here omitted].

"The court thereupon overruled all motions for judgment, for new trial and relating to the findings of fact and conclusions of law, excepting only insofar as said findings were amended as above set out.

"Thereupon, each of the moving parties, except Ethel Wentworth, Mabel Thatcher, Homer Hudson, Viola Kemp, and Joe Hudson, asked and obtained leave to refile their respective motions and did thereafter and within three (3) days again file motions for new trial, motions relating to the findings of fact and conclusions of law and motions for judgment.

"Thereupon, and on the 24th day of November, 1935, all parties appearing as before, this cause comes on for hearing on the said motions filed. Whereupon Florence Estelle McVeigh introduced evidence, as shown by the record taken by the reporter and the affidavits filed, upon her motion for judgment and upon her motion for a new trial. And thereupon and after the introduction of said testimony application was made by the intervenor, Margaret Oliver, by her attorney, for a continuance of said hearing, which continuance was allowed, over objections, to January 8, 1936.

"Thereafter, and upon the 8th day of January, 1936, the same being a regular judicial day of the October, 1935, term of this court, this case again came on for hearing on the motions aforesaid, all parties appearing by their attorneys of record, and the court, after hearing and considering evidence offered in support of the motions for a new trial and evidence in rebuttal, finds that a new trial should be granted to all parties and intervenors and that all other pending motions should be overruled.

"It is, therefore, by the court ordered that all findings of fact and conclusions of law heretofore made and entered, and the judgment based thereon in favor of Margaret McCormick Burggraf Oliver and against all of the remaining parties, be and the same hereby are set aside and held for naught and that a new trial be and the same hereby is granted as to all of the parties and intervenors hereto and that all costs to date be and the same hereby are taxed and assessed against the intervenor, Margaret McCormick Burggraf Oliver, and that all other pending motions be and are hereby overruled."

Appellants, the state of Kansas and the First Trust Company of Wichita, assert that the court erred in not sustaining the motions of appellants for judgment against Margaret Oliver, and in granting a new trial to the Wentworth and McVeigh claimants.

Counsel for appellants suggest that under the power conferred on this court by our statute G. S. 1935, 60-3317, a summary disposition of this lawsuit should be made at this time. In appellants' brief it is stated:

"Consideration of the evidence in the Oliver case falls naturally into two phases. In the first is that evidence which was before the court in May, 1935, where its findings were made and entered, and again on September 24, 1935, when the court declined to set aside its findings of fact and conclusions of law in favor of the claimant Oliver and enter judgment for the defendants.

"The error claimed by appellants in overruling the motions for judgment for the defense at that time is based on the lack of any substantial evidence either in May or September to identify Margaret Schindler, deceased, as related to the claimant; and, on the overwhelming preponderance of proof, both in May and September, in favor of the defense and against the claimant.

"The second phase deals with the entire record, with the purpose of showing this court that there is nothing to retry in the Oliver case and that this court should enter judgment for the defense.

"In this connection appellants propose to show this court that the documentary and other indisputable facts now in the record not only defeat the Oliver claim as presented, but conclusively show that the Oliver woman is an impostor who obtained her judgment by fraud and corruption, and in the light of the facts now settled in the record a new trial would afford no prospect of judgment in her favor, but on the contrary would simply encourage a fanatical and unscrupulous claimant and her accomplices in the perpetration of additional fraud and perjury; and that the ends of justice will be best served by putting an end to this extended and expensive litigation without further delay."

We have examined the testimony in the Oliver case and the analysis of this testimony in the brief of the appellants. It is apparent the court was justified in setting aside the judgment rendered in favor of the claimant Margaret Oliver.

Upon the best consideration we are able to give the matter we do

not feel justified in foreclosing the rights and claims of the various litigants by entering a final judgment at this time. If the claim of Margaret Oliver was fabricated out of the whole cloth as alleged, we cannot ignore the fact that the testimony upon which the court relied in setting aside the judgment in her favor was unearthed by the McVeigh claimants. Neither can we assume that upon a new trial the various claimants may not be able to produce additional testimony in support of their respective claims. The trial court, having heard the testimony, set aside the judgment in favor of Margaret Oliver and granted a new trial to all the claimants. If the trial judge was of the opinion that an unjust result had been reached, it was his duty to grant a new trial. In *Armourdale State Bank v. Hoel,* 120 Kan. 130, 242 Pac. 481, it was said:

"Upon what ground the new trial was granted was not indicated by the court, and it does not appear that the defendant asked the court to state the specific ground or grounds upon which the motion was allowed. Evidently the court was not satisfied with the verdict. It may have thought that the credible evidence did not support the verdict or that the jury had ignored the instructions given, or possibly that the verdict was given under the influence of passion and prejudice. If the trial judge was of the opinion that any of these grounds existed and an unjust result had been reached it was his duty to grant the new trial. From the record it cannot be said that the trial court erred in respect to some pure, unmixed question of law. There have been scores of decisions against the reversal of orders granting new trials in similar cases. They are so numerous and so well understood that a citation of them is not warranted." (p. 131.)

The granting of motion for a new trial ordinarily rests in the sound discretion of the trial court. (*Bowers v. Carlson,* 139 Kan. 396, 32 P. 2d 246; *Atkinson v. Darling,* 107 Kan. 229, 191 Pac. 486; *Jones v. Prather,* 136 Kan. 335, 15 P. 2d 408.)

It is also urged that the trial court erred in granting a new trial to the McVeigh and Wentworth claimants. We do not think the point well taken. Upon order of the court the various actions pertaining to the Schindler estate were consolidated, were tried together and a single judgment entered therein. The effect of the consolidation under our statute, G. S. 1935, 60-765, was to unite and merge all of the different actions consolidated into a single action for the purpose of all further proceedings the same as if the different causes of action involved had been joined in a single action. (1 C. J. S. 1371.)

The trial court having granted new trials to all the parties, the action must be sustained. In *Beachy v. Jones,* 108 Kan. 236, 245,

195 Pac. 184, it was said: "But in order to prevent miscarriage of justice, the new trial should be on all the issues involved and between all the parties to the original action." See, also, *Hoxie State Bank v. Vaughn,* 137 Kan. 648, 652, 21 P. 2d 356.

For the reasons stated, the judgment of the trial court must be affirmed. It is so ordered.