332

No. 34,890

THE CITY OF OSAWATOMIE, *Appellee* and *Cross-appellant,* v. THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF MIAMI, *Appellant.*

(110 P. 2d 748)

Opinion filed March 8, 1941.

*Oliver D. Rinehart,* county attorney, for the appellant.

*Willis H. McQueary,* of Osawatomie, for the appellee.

The opinion of the court was delivered by

HOCH, J.: Appellee, the city of Osawatomie, seeks to recover from appellant, Miami county, for maintenance of streets which it alleges form connecting links in the system of county highways. Recovery is sought under the provisions of G. S. 1935, 68-506e. The case is here on appeal by the county from an order of the district court overruling its demurrer to the petition.

The statute in question follows:

"That the board of county commissioners of each county shall annually apportion and distribute quarterly to each city on the county highway system from the fund known as the county and township road fund at the rate of two hundred fifty dollars ($250) per mile for the maintenance of the streets in such cities used as connecting links in the system of county highways which are not connecting links in the state highway system, said moneys to be credited to the street and alley fund of such cities. In lieu of said apportionment the board of county commissioners may maintain in cities of the third class such streets and pay for such maintenance from the county and township road fund."

Following formal averments, it is alleged in the amended petition that road number 20 enters the city at the west city limits, that

road number 531 enters at the east city limits, that road number 381 enters at the north city limits, that road number 34 enters at the south city limits, that these roads have been and now are a part of the official system of county highways, that the streets thereinafter designated are not part of the state highway system, that they "were used and are being used as connecting links in the system of county highways connecting the above numbered roads," and that—

"(a) Road number 20 begins the use of Twelfth street at Parker avenue, traverses Twelfth street south to Brown avenue, a distance of 790 feet, then uses Brown avenue from Twelfth street to Fourth street a distance of 4,700 feet.

"(b) That road number 531 begins the use of Mill street at the east city limits of said city of Osawatomie, then traverses and uses Mill street to Fourth street, a distance of 2,625 feet, at which point it connects with road number 34.

"(c) That road number 381 begins the use of Eighth street at the north city limits of said city of Osawatomie, then traverses and uses Eighth to Brown avenue, a distance of 1,753 feet, where it connects with the above mentioned road number 20.

"(d) That road number 34 begins the use of Fourth street at the south city limits of said city of Osawatomie, then traverses and uses Fourth street to Brown avenue, a distance of 2,650 feet, at which point it connects with the above mentioned road number 20."

It is further alleged "that subsequent to April, 1929, to the commencement of this action, the plaintiff has maintained and paid all of the expenses of maintenance of the above-described streets used as such connecting links; that the defendant has never during said period of time maintained nor paid to the plaintiff any of the expenses of maintaining said streets."

Recovery of $592.50 per year with interest is sought for each year beginning with April, 1929, up to and including the year 1938-1939, and $296.25 for the period April 1, 1939, to December 1, 1939, making a total of $8,059.50 with interest. The amounts sought are based on a mileage of 2.37 miles of city streets said to be used as connecting links. Each year in the period is made the basis of a separate cause of action.

The defendant demurred separately to each cause of action. The demurrers to the first four causes of action, covering all periods prior to May 1, 1933, were sustained, and all demurrers as to claims for interest were also sustained. Otherwise, the demurrers covering periods after May 1, 1933, were overruled. Appellant contends that the demurrers overruled should have been sustained for the reason

that the petition does not show on its face that the streets named are "connecting links," nor that the appellee informed appellant as to the amounts claimed, nor that the plaintiff filed any claim for the amounts now sought; and for the further reason that all amounts alleged to have been due more than three years prior to the filing of the petition are barred by the statute of limitations, and that all amounts due more than two years prior to the filing of the petition are barred by the provisions of G. S. 1935, 19-308.

The contentions will be considered in order. The issues being presented by demurrer, all allegations of fact well pleaded in the petition must be considered as true.

Appellant contends that since the petition alleges that the four county highways in question follow certain streets within the city, and each of the four joins one of the others at a point within the city, there is therefore no "connecting link." This contention is hyper-technical and unconvincing. It is true that each of the four county highways entering the city from the four directions has a different number. But this in no way destroys the character of the city streets as "connecting links" in the county highway system. The allegations that the streets named in the petition are connecting links are perfectly clear and leave no room for uncertainty as to the nature of the city's contention. Examination of the city plat to which appellant calls our attention, in connection with the allegations, discloses no inconsistency or uncertainty. Nor can it be said, as a matter of law, that the streets named in the amended petition do not constitute natural and proper connecting links. The fact that in the original petition the streets described as connecting links were slightly different from those in the amended petition has no bearing on the question of whether the latter petition, now before us, sufficiently described "connecting links."

Appellant's next contention is that the demurrers should have been sustained because there was no allegation that the city filed claims for payment under the statute or otherwise advised the county each year as to the mileage of city streets used as connecting links.

A "county highway system" having been established by the county, it becomes the duty of the county commissioners, under the statute, *supra*, to apportion annually and to distribute quarterly "to each city on the county highway system," out of the county and township road fund, two hundred and fifty dollars per mile for the

maintenance of streets used as connecting links. In lieu thereof the county may itself maintain such streets in cities of the third class. The statute is silent as to who shall designate the streets to be so used, and does not specifically provide for filing of claims by the cities with the county commissioners, upon whom rests the duty of laying out the county highway system and making the payments to the cities placed on the system. The petition alleges failure of the appellant to make the payments provided for in the statute. We cannot say that failure to allege demand, or the filing of a claim, is a fatal defect in the petition.

If there is a controversy as to what streets, if any, were designated or used as connecting links in the county system, or if it be contended that the streets named in the petition are not the proper ones to be so used, that is an evidentiary matter to be shown when issues are joined.

The next contention is that the claims due more than three years are barred by the statute of limitations, being a "liability created by statute." (G. S. 1935, 60-306, *Second.*)

The rule is well established in this state that the statute of limitations does not apply as against the state or its political subdivisions in matters directly involving governmental functions, except in cases where, by statute, it is specifically provided otherwise. (*Woodson County Comm'rs v. City of Yates Center,* 139 Kan. 519, 32 P. 2d 209; *Nemaha County Comm'rs v. City of Seneca,* 138 Kan. 895, 28 P. 2d 1034; *Osawatomie v. Miami County,* 78 Kan. 270, 96 Pac. 670.) Appellant urges that this rule should not apply where both parties to the action are municipalities. Whatever arguments might be advanced in support of appellant's view, no such distinction has been recognized in this state. In all the cases above cited both parties were governmental bodies. Appellant cites *Clay County Comm'rs v. French,* 139 Kan. 815, 33 P. 2d 312. In that case the plaintiff invoked the original jurisdiction of this court in mandamus to compel state officers to credit the plaintiff with certain uncollected taxes. The issuance of a writ of mandamus being discretionary, the court refused in that case, for reasons stated, to issue the writ. The case is not persuasive here. In *Comm'rs of Graham County v. Van Slyck,* 52 Kan. 622, 35 Pac. 299, cited by appellant, the instant issue does not appear to have been raised. Appellant cites *State, ex rel., v. McKay,* 140 Kan. 276, 36 P. 2d 327, wherein the statute of limitations was successfully invoked as a bar to an action on the

official bond of a county treasurer. But in that case the statute specifically provided a limitation of five years for actions upon the bond, which the court said—although holding, for reasons stated, that a three-year limitation would be applied—precluded the view that no statute of limitations should be held applicable. Since any action upon the bond would have to be brought by the appropriate governmental unit, it could not be said in that particular case that the legislature intended that actions on the bond should not be barred. The specific provision in the statute places the case outside the general rule.

Appellant relies strongly upon the case of *City of Valley Falls v. Jefferson County Comm'rs*, 148 Kan. 429, 82 P. 2d 1088. That case, however, involved the specific provision of the cash-basis law (G. S. 1935, 10-1104) under which certain claims accruing prior to May 1, 1933, were barred unless filed on or before May 15, 1933. The cash-basis law applies to claims of one municipality against the other as well as to claims of private persons. (*Levant Consolidated Dist. v. Colby Comm. High School*, 140 Kan. 561, 38 P. 2d 684.) The Valley Falls case, *supra*, was followed by the trial court in the instant case and the demurrers sustained as to all claims accruing prior to May 1, 1933. There was no cross-appeal abstracted or submitted in the briefs. We find no other applicable provisions in the cash-basis law relative to limitation of actions.

G. S. 1935, 19-308, cited by appellant, fixes a limitation of two years for actions on account against counties. Whether the instant claim falls within that category we need not determine. In any event, the bar may not be invoked as against the municipality, under the rule hereinbefore discussed.

It is urged, and with force, that it would be inequitable—and especially so in view of the requirements of the cash-basis law—to permit recovery by a municipality on long belated claims against a county under the instant statute. But we are here considering only issues raised by the demurrers. Whether claims were ever made; what circumstances, if any, may have existed which led the county commissioners to make no apportionment or payments as the statute requires, we do not know. Moreover, laches is generally a matter for affirmative defense, although in most jurisdictions, including this state, the issue of laches may be raised by demurrer. (*City of Leavenworth v. Douglass*, 59 Kan. 416, 421, 53 Pac. 123; *Howe v. City of Florence*, 121 Kan. 202, 246 Pac. 510; *Schenk v. Kansas City*,

134 Kan. 181, 185, 5 P. 2d 842.) However, laches must so clearly appear on the face of the pleading against which the demurrer is leveled that the issue is rarely raised effectively by demurrer. Other facts and circumstances, in addition to lapse of time, being factors within the doctrine of laches, it follows that more must appear on the face of the pleading in order for it to be demurrable than is the case where the issue of the statute of limitations is raised by demurrer. Whether in a case such as the instant one laches is available as a defense against a municipality is a question not raised on this record, and which we do not now determine.

We note that the cross-appeal filed April 22, 1940, has not been abstracted or referred to in the brief by the appellee. For that reason it is not here considered.

No error being found, the judgment is affirmed.