No. 38,516

WESTERN SHALE PRODUCTS COMPANY, a Corporation, *Appellant*, v. THE CITY OF FORT SCOTT, a Municipal Corporation, *Appellee*.

No. 38,517

In the Matter of the Appeal of THE CITY OF FORT SCOTT, a Municipal Corporation, et al., from the award of appraisers, *Appellee*, v. WESTERN SHALE PRODUCTS COMPANY, a Corporation, *Appellant*.

(239 P. 2d 828)

Opinion filed January 26, 1952.

*Walter B. Patterson*, of Fort Scott, argued the cause, and *Ernest E. Blincoe*, of Fort Scott, was with him on the briefs for the appellant.

*Douglas Hudson*, of Fort Scott, argued the cause, and *F. W. Bayless, Howard Hudson* and *Douglas G. Hudson*, all of Fort Scott, were with him on the briefs for the appellee.

The opinion of the court was delivered by

PRICE, J.: These two consolidated appeals are from orders of

the lower court denying a motion to dismiss an appeal from an award of appraisers in a condemnation proceeding, and in consolidating for trial in the court below the two cases in question.

For our purposes, a brief sketch of the factual background will be sufficient.

On September 5, 1950, the City of Fort Scott (hereinafter referred to as the City), pursuant to an extensive sewer extension and development, entered upon and laid a sewer line across property owned by Western Shale Products Company, a Corporation, (hereinafter referred to as plaintiff). On October 16, 1950, plaintiff brought suit against the City for damages to the property involved in the amount of $15,869. On November 22, 1950, the City filed a petition for the condemnation of a strip of land fifty feet wide for an easement, such strip to be twenty-five feet on either side of the center line of the sewer. Commissioners were appointed, and they appraised the property to be condemned at the sum of $5,534.17. The City appealed from this award.

Plaintiff filed a motion to dismiss the City's appeal. The City filed a motion to consolidate its appeal with the damage action.

The court denied plaintiff's motion to dismiss the appeal by the City and sustained the City's motion to consolidate the two cases for trial. Plaintiff has appealed from both rulings.

In this court the City contends that neither ruling is an appealable order, and that both appeals should therefore be dismissed.

In support of its position that the City had no right to maintain the appeal from the award of appraisers in the condemnation action while retaining possession of the property (that is, the continued maintenance of the sewer line), plaintiff calls our attention to a number of decisions of this court on the general question involved. The trouble with that argument, however, is that it goes either to the merits of the appeal or to the right of the City to maintain such an appeal.

Among the rulings and orders of a lower court which, by statute (G. S. 1949, 60-3302), this court may reverse, vacate or modify, are final orders. The next section (60-3303) defines a final order as being "an order affecting a substantial right in an action, when such order in effect determines the action and prevents a judgment, . . ."

The question whether the denial of a motion to dismiss an action or an appeal in a lower court is an appealable order has been

before this court on numerous occasions, and it has uniformly been held that such an order is not a final order so as to be appealable to this court. The rule is well stated in *Singleton v. State Highway Comm.*, 166 Kan. 406, 201 P. 2d 650, where it was held:

"A final order is one affecting a substantial right in an action when it in effect determines the action and prevents a judgment.

"An order *sustaining* any motion which results in dismissing an action has both effects mentioned in paragraph 1 and is appealable. An order *overruling* such a motion has neither of such effects and is not appealable.

"The denial of a motion to strike or dismiss an appeal, from the award of appraisers, to the district court is not one of the orders of that court from which error lies to this court until the final disposition of the action." (Syl. ¶¶ 1, 2 and 3.)

See also *Heiman v. State Highway Comm.*, 146 Kan. 315, 69 P. 2d 685, and *Kansas State Highway Comm. v. Moore*, 166 Kan. 408, 201 P. 2d 652, to the same effect.

In other words, had the motion to dismiss the appeal been sustained, such an order would have terminated the action and prevented a judgment, and therefore would have been a final and appealable order. The overruling of the motion to dismiss was not a final order in that it did not in effect determine the action and prevent a judgment.

This brings us to the question whether the order of the lower court in consolidating the two actions for trial is an appealable order. Counsel have not cited any authority, and in our limited search we have been unable to find any, to the effect that an order of consolidation, as such, made under the provisions of G. S. 1949, 60-765, is appealable. We are of the opinion that it is not. Certainly such an order is not one of the rulings or orders of a lower court from which a right to appeal is specifically granted by statute. Furthermore, such an order is not included within the definition of a "final order," *supra*, as applied to the question before us. It cannot be said that the order of consolidation "determines the action and prevents a judgment." In fact, the issue in both cases is the same, namely, the amount of damages due plaintiff by virtue of the City's action in constructing the sewer.

In conclusion, we hold that neither of the orders appealed from is an appealable order, and the appeal in each case is therefore dismissed.