No. 39,166

WESTERN SHALE PRODUCTS COMPANY, *Appellant,* v. THE CITY OF FORT SCOTT, a Municipal Corporation, *Appellee.*

WESTERN SHALE PRODUCTS COMPANY, *Appellant,* v. THE CITY OF FORT SCOTT, a Municipal Corporation, in the Matter of Condemnation by the City of Fort Scott, *Appellee.*

(266 P. 2d 327)

Opinion filed January 23, 1954.

*Walter B. Patterson,* of Fort Scott, argued the cause, and *Ernest E. Blincoe,* of Fort Scott, was with him on the briefs for the appellant.

*Howard Hudson,* of Fort Scott, argued the cause, and *Douglas Hudson,* and *Douglas G. Hudson,* both of Fort Scott, and *F. W. Bayless,* city attorney, were with him on the briefs for the appellee.

The opinion of the court was delivered by

WEDELL, J.: Two actions were consolidated for trial in the district court. They have not been tried. The plaintiff appeals from intermediate orders involving pleadings.

We shall continue to refer to Western Shale Products Company, as the plaintiff, and to the defendant, the city of Fort Scott, as the city.

This is the second chapter in this controversy. On a previous appeal by plaintiff it was held a ruling to consolidate actions under G. S. 1949, 60-765 and a ruling denying plaintiff's motion to dismiss the city's appeal from a condemnation award were not appealable orders. (*Western Shale Products Co. v. City of Fort Scott,* 172 Kan. 336, 239 P. 2d 828.) Those questions are not raised now and form no part of the instant appeals.

In order, however, to avoid confusion concerning statements in our own reports it should be stated the pleadings were amended at least in part after our former decision.

Before treating the orders involved in this appeal a general statement may be helpful. On September 5, 1950, the city, pursuant to an extensive sewer development project, entered upon and laid a sewer line on plaintiff's property without first instituting condemnation proceedings therefor. On October 16, 1950, plaintiff filed an action against the city for damages alleged to have been done to its property in laying the sewer line and prayed judgment in the sum of $15,869.00. On November 22, 1950, the city filed a petition for the condemnation of a strip of land fifty feet wide for an easement, the strip to be twenty-five feet on each side of the center line of the sewer, which it had previously laid. The commissioners appraised the land to be condemned at $5,534.17 and the city appealed from the award. The court thereupon consolidated plaintiff's damage action and the condemnation appeal over plaintiff's objection. It appears thereafter separate pleadings, although many of them are the same or substantially so, were filed in each action which was separately numbered.

On May 29, 1952, plaintiff filed its second amended petition in the damage action in which it then sought recovery of $5,600. On the same day plaintiff filed its so-called second amended "bill of particulars" in the action denominated by the parties as the condemnation case. The latter was framed as two causes of action. Plaintiff sought recovery of damages in the sum of $5,600 in the first cause of action and $5,534.17 in the second, the latter being the amount at which the land taken was appraised by the commissioners in the condemnation proceeding.

On October 24, 1952, the city responded separately to plaintiff's pleading in each case. In the damage action the city filed an answer containing, among other things, a general denial of all matters not admitted by it. The admissions are not material here. In the condemnation case it filed a joint answer and demurrer to both causes of action contained in plaintiff's so-called second amended bill of particulars. This answer, among other things, also contained a general denial of all matters not admitted by the city. The answer in the damage action was made a part of this answer in the condemnation case. It is four adverse rulings pertaining to this answer of the city in the condemnation case, the character of which rulings will be noted later, that form one part of plaintiff's appeal. It will be helpful, by reason of plaintiff's later contentions, to observe the general nature of the city's answer.

On April 7, 1953, the city filed a second amended cross petition in the damage action. In this cross petition it, in substance, alleged:

On or about June 13, 1932, it was the owner of a sewer line lawfully placed on the property of the Missouri, Kansas and Texas Railway Company and in Walker and Mulberry streets of the city and along the south side of the right of way of the Missouri, Kansas and Texas Railway Company, which adjoined real estate owned and used by the plaintiff; plaintiff engaged in blasting operations on its own land and removed large quantities of shale from its own land onto the sewer line of the city to such a depth that the overburden crushed and broke the sewer line; the blasting by plaintiff and the overburden plaintiff placed on the city's sewer line crushed and broke it; the overburden on its sewer line extended to a depth of forty or fifty feet and the city could not with reasonable expense dig down and through the overburden to repair the crushed sewer line; it was necessary to construct approximately 1,000 feet of new sewer to replace the one negligently and unlawfully buried by plaintiff; the lowest bid for constructing the new sewer line in 1932 or the early part of 1933 was $2,379.50 for which the city sought damages from the plaintiff.

It is from an adverse ruling on plaintiff's demurrer to this cross petition of the city that plaintiff also appeals.

One thing is entirely clear. It is that these pleadings are thoroughly confusing. That is especially true in view of the cross references to pleadings in the respective actions and with general denials contained in many of them. In order to avoid additional confusion it should be borne in mind that the effect of a consolidation of actions under G. S. 1949, 60-765 is to unite and merge all of the different actions consolidated into a single action for the purpose of all future proceedings the same as if the different causes of action involved had been joined in a single action. (*Wentworth v. First Trust Co.*, 147 Kan. 466, 470, 77 P. 2d 976.) So construed we have here what is essentially a damage action by plaintiff against the city and a damage action by the city against plaintiff, with a condemnation proceeding involved in the pleadings.

We shall first consider the city's contention plaintiff's appeal from the order overruling its demurrer to the city's second amended cross petition in the damage action should be dismissed. An answer to that contention requires a review of the proceedings previous to the

order from which the appeal is taken. On November 5, 1952, the court overruled plaintiff's original demurrer to the city's cross petition in the damage action. The next step by the plaintiff was irregular in that it filed a motion to make the cross petition definite and certain after plaintiff's demurrer to the original cross petition had been overruled. The district court, however, considered the motion and sustained eight grounds thereof and overruled two of them. On December 31, 1952, the city filed an amended cross petition. On March 11, 1953, plaintiff filed a motion to strike the first amended cross petition for the city's failure to comply with the court's previous order to make its original petition definite and certain. On April 7, 1953, the city filed its second amended cross petition without waiting for a ruling on plaintiff's motion to strike its first amended petition. On April 11, 1953, plaintiff demurred to the second amended cross petition. This demurrer was identical with the first demurrer to the original petition except that the last demurrer included the ground of laches. The last demurrer was overruled on April 28, 1953. Plaintiff appealed from this last ruling on May 8, 1953. That appeal was, therefore, within two months from the date of the ruling on the last demurrer and was in time. (G. S. 1949, 60-3309.)

The city contends there can be no review of the ruling on the last demurrer to the city's second amended cross petition for damages for the reason that petition added nothing to the original petition which materially affected its cause of action for damages; that adding the ground of laches to the last demurrer added nothing to the grounds of the original demurrer for the reason laches are inapplicable to an action at law for damages; in all other respects the first and last demurrers were identical; the first demurrer was overruled on November 5, 1952, more than two months prior to the instant appeal and since no appeal was perfected from the first ruling it became the law of the case and plaintiff cannot now appeal from the last ruling on the demurrer, citing *Hendricks v. Wichita Federal Savings & Loan Ass'n*, 156 Kan. 124, 131 P. 2d 889.

The Hendricks case presented a glaring example of an attempt to extend the time for appeal by filing a demurrer to an amended petition in which only one immaterial word had been changed which appellants conceded in nowise withdrew anything from or added anything to the effect of the former petition. Appellants

there also conceded no question of law was presented by the last demurrer which was not presented by the previous demurrer.

In the instant case we have a materially different situation. Here the city filed its second amended cross petition without waiting for the court to rule on plaintiff's motion to strike the first amended cross petition which motion was based on the ground the city failed to comply with the court's previous order to make its original cross petition definite and certain. Here the court had also ordered the city to make its original cross petition definite and certain in eight respects and the city ultimately complied with the ruling.

If the plaintiff believed the last amended cross petition of the city failed for any reason to state a cause of action it had a right to file a second demurrer thereto. Plaintiff had such a right even though it may subsequently develop on the trial that the additional allegations placed in the second amended cross petition, pursuant to the order of the court, prove to be more or less immaterial. (*Fruit v. Stacy*, 168 Kan. 632, 636, 215 P. 2d 140.) If plaintiff had not demurred to the second amended cross petition and had filed its answer thereto it would have been deprived of later contending that cross petition did not state a cause of action. Moreover, the last demurrer, as stated, contained one ground not included in the first demurrer. Plaintiff's appeal from the ruling on its last demurrer was perfected in time and its appeal from it cannot be dismissed.

This brings us to the question whether plaintiff's demurrer to the city's second amended cross petition was properly overruled.

The plaintiff contends the cause of action attempted to be pleaded in the city's second cross petition is barred by the two year statute of limitations. (G. S. 1949, 60-306, *Third.*) The city contends it is not. The problem is not free from difficulty. It promptly should be noted that statutes of different states vary on this subject. Some of them provide that statutes of limitation, unless otherwise expressly provided, shall apply to the state. Our statutes, as presently will appear, do not so provide. It also should be conceded that decisions of various courts, in states with the same or similar statutes, are lacking in uniformity. In some jurisdictions, it is held the determining question is whether in the particular action the municipality is seeking to enforce a *public* as distinguished from a *private* right. Courts also differ in the application of that principle. In some jurisdictions it is said an action by a municipality

to recover damages for destruction of its property constitutes the assertion of a private right. (*City of Chicago v. Dunham Towing Co.*, 246 Ill. 29, 92 N. E. 566.) See, also, 34 Am. Jur., Limitation of Actions, § 397, and 53 C. J. S., Limitations of Actions, § 17, for a discussion of rules variously applied in different jurisdictions.

In this state it was early decided the source of the action must be considered, that is, whether the particular action is properly related to an exercise of some governmental rather than a mere proprietary function. Where it is the former, the statute of limitations is not a bar. (*Osawatomie v. Miami County*, 78 Kan. 270, 96 Pac. 670; *City of Osawatomie v. Miami County Comm'rs*, 153 Kan. 332, 110 P. 2d 748.) Where it is the latter, a proprietary function, the statute is a bar. (*City of Lawrence v. French*, 136 Kan. 687, 18 P. 2d 570; *Bluff City v. Western Light & Power Corp.*, 137 Kan. 169, 19 P. 2d 478.) This distinction was clearly indicated in a careful consideration of conflicting views on the subject in the early case of *Osawatomie v. Miami County*, supra, where it was held:

"The rule that statutes of limitation do not apply to actions by the state unless a legislative intention that they shall do so is shown by express language or appears by the clearest implication also applies to subordinate political bodies, including municipal corporations, with respect to any litigation to enforce governmental rights.

"Where a county diverts to its own treasury a part of the money it has collected upon taxes levied by a city no statute of limitation runs against an action by the city to recover the amount so wrongfully withheld." (Syl. ¶ 1, 2.)

In the course of that opinion, the distinction was pinpointed by the author as follows:

"We think the more vital consideration has relation to the character of the power in exercise of which the demand originates." (p. 275.)

To the same effect is *City of Osawatomie v. Miami County Comm'rs*, supra, in which the rule was applied as follows:

"The record is examined in an action by a municipality to recover from the county under the provisions of G. S. 1935, 68-506e, for maintenance of streets alleged to be used as connecting links in the county highway system, and it is held that defendant's demurrer to the petition was properly overruled, and no error is found." (Syl. ¶ 2.)

The construction and maintenance of a sewer by a city ordinarily is a governmental function as distinguished from ministerial or proprietary. (*Foster v. Capital Gas and Electric Co.*, 125 Kan. 574, 265 Pac. 81; *Perry v. City of Wichita*, 174 Kan. 264, 255 P. 2d 667.) The

instant action by the city is directly related to the governmental function out of which the demand originates. On the basis of the underlying principle announced in our previous decisions it would seem illogical to conclude the instant action by the city was barred.

Plaintiff argues the demurrer should have been sustained by reason of laches. The city argues laches constituted an equitable affirmative defense which always must be pleaded by way of answer. Both arguments are wrong. Laches may be raised by demurrer if that defense clearly appears on the face of the pleading challenged by demurrer. (*City of Osawatomie v. Miami County Comm'rs,* supra, p. 336.) Mere lapse of time, however, is only one element of laches. A pleading which on its face discloses only that single element of the defense, as in the instant case, is not vulnerable on demurrer. (*City of Hutchinson v. Hutchinson,* 92 Kan. 518, 141 Pac. 589; *City of Eureka v. Kansas Electric Power Co.,* 133 Kan. 238, 243-244, 299 Pac. 938; *City of Osawatomie v. Miami County Comm'rs,* supra, p. 336, 337; *Calkin v. Hudson,* 156 Kan. 308, 318, 133 P. 2d 177.) It follows this ground of the demurrer was properly overruled.

Plaintiff argues the city's second amended cross petition did not state a cause of action for damages for the following reasons: (1) It failed to allege in what manner the city retained ownership of the sewer right of way, whether by easement, right of way, or deed; and (2) it failed to state a proper basis for the damages sought.

The city alleged: It was the owner of that first sewer line which was lawfully located in its streets and along the right of way on the south side of the Missouri, Kansas and Texas Railway Company tracks in 1932; the manner in which plaintiff destroyed that sewer line and that the lowest bid, naming the bidder, in the latter part of 1932 or the early part of 1933 for constructing the new sewer line north of the old sewer line was $2,379.50. The allegation concerning the amount of damages claimed was sufficient. (*State Highway Comm. v. Stadler,* 158 Kan. 289, 148 P. 2d 296.) The other allegations were likewise adequate to withstand the general demurrer.

Plaintiff also argues the city's cross demand cannot be pleaded as a pure defense because it is not connected with and does not grow out of the same transaction or matters which form the basis of plaintiff's claim, citing *Malcolm v. Larson,* 158 Kan. 423, 148 P. 2d 291. The difficulty with that contention is the city's cross demand is not asserted as a defense but as an independent cause of action. In fact, plaintiff concedes it to be a setoff with which we agree. G. S. 1949, 60-713 provides:

"A setoff can only be pleaded in an action in which a recovery of money is sought, and must be a cause of action for the recovery of money."

Plaintiff next asserts a barred cause of action cannot be used as a setoff or counterclaim or for the purpose of obtaining affirmative relief but may be applied only to matters of pure defense. (*McCarthy v. Sink*, 152 Kan. 659, 107 P. 2d 790.) We previously indicated the action was not barred.

Plaintiff further contends the city's cross demand constitutes a misjoinder of causes of action and its demurrer should have been sustained. (G. S. 1949, 60-705, *Fourth*.) The contention is not good. The city alleged only one cause of action. G. S. 1949, 60-710, among other things, permits a defendant to set forth ". . . in his answer as many grounds of defense, counterclaim, setoff *and for relief as he may have*. . . ." (Our emphasis.)

We turn now to plaintiff's appeal in the condemnation case. In that case plaintiff appealed on May 8, 1953, from the following adverse rulings:

Orders made November 5, 1952, overruling its motions to make the city's answer definite and certain and to strike portions thereof.

Orders made November 28, 1952, overruling plaintiff's demurrer to the city's answer and its motion for judgment on the pleadings insofar as it pertained to plaintiff's second cause of action alleged in its second amended bill of particulars.

The city first contends none of these orders is reviewable as no appeal was perfected from any of them within two months as required by G. S. 1949, 60-3309. On the other hand, plaintiff contends: The condemnation case and the damage case were consolidated and must be considered as one case, citing *Wentworth v. First Trust Co.*, 147 Kan. 466, 77 P. 2d 976; it appealed in time from the order overruling its demurrer to the city's second amended cross petition in the damage action, previously described herein, and it therefore has a right of review, prior to rendition of judgment of all rulings of which it complains, including the orders overruling its motion to make the city's answer definite and certain and the orders overruling its motion to strike portions of the city's answer, citing G. S. 1951 Supp. 60-3314a, which reads:

"When an appeal or cross-appeal has been timely perfected the fact that some ruling of which the appealing or cross-appealing party complains was made more than two months before he perfected his appeal shall not prevent a review of the ruling."

The statute has been applied in two cases. (*Holmes v. Kalbach,* 173 Kan. 736, 252 P. 2d 603; *Herron v. Chappell,* 174 Kan. 350, 255 P. 2d 632.) It is true that in both of those cases the previous orders reviewed were in themselves appealable. They were orders on demurrers from which no appeal had been taken within two months after the rulings, as required by G. S. 1949, 60-3309, if an appeal were taken separately from such orders but an appeal to this court was timely perfected from a subsequent appealable order in each case. An appeal was likewise taken in time in the instant case from the order overruling plaintiff's demurrer to the city's cross petition. Although the rulings reviewed in the previous cases were appealable orders the language of the opinions in the above cases is sufficiently broad to make reviewable, before final judgment, orders from which a separate and independent appeal cannot be taken such as the orders here involved which overruled the motions to make the city's answer definite and certain and to strike portions thereof. The majority of the court believes it was the intent of the 1951 statute to make such orders reviewable before final judgment. The orders overruling those motions, therefore, have been reviewed. No reversible error appears therein.

We have likewise examined the order overruling the demurrer to the city's answer. No reversible error is disclosed in that ruling.

This brings us to a consideration of the order overruling plaintiff's motion for judgment on the pleadings. We previously indicated that since the action for damages and the condemnation appeal were consolidated, the entire case must be considered as a single action. It also is observed issuable facts are joined by the pleadings. It repeatedly has been held where issuable facts are joined by pleadings a motion for judgment thereon is not tantamount to a demurrer and an order overruling it is not in itself appealable. (*Pease v. Snyder,* 166 Kan. 451, 201 P. 2d 661; *Talbott v. Farmers Union Co-op Elevator,* 174 Kan. 435, 437, 256 P. 2d 856.) However, in view of the interpretation of G. S. 1951 Supp. 60-3314a, previously indicated, we have reviewed the ruling. The issuable facts joined by the pleadings compel the conclusion the motion was properly overruled.

The rulings of the district court are affirmed.

WEDELL, J. (dissenting in part): G. S. 1951 Supp. 60-3314a, reads:

"When an appeal or cross-appeal has been timely perfected the fact that some ruling of which the appealing or cross-appealing party complains was *made more than two months before he perfected his appeal* shall not prevent a review of the ruling." (Italics supplied.)

The question is whether the above statute grants plaintiff a right of review, before final judgment, of orders *which overruled* his separate motions to make the city's answer definite and certain and to strike portions thereof, both of which orders rested in the discretion of the trial court and neither of which is in itself a final or appealable order. I do not think it does.

The only statute which contains a provision about two months is G. S. 1949, 60-3309 which pertains solely to appealable orders. It reads:

"The appeal shall be perfected within two months from the date of the judgment or order from which the appeal is taken: *Provided,* That appeals *from judgments and appealable orders* of a date within four months immediately prior to the taking effect of this act may be perfected within two months after the effective date of this act." (Italics supplied.)

I find myself in the rather peculiar position of believing we overstated the intent and purpose of the above statute in *Herron v. Chappell,* 174 Kan. 350, 255 P. 2d 632, which I authored, although the majority of the court believes we did not. Continuing to be of the opinion the statute was too broadly interpreted in that case and in *Holmes v. Kalbach,* 173 Kan. 736, 252 P. 2d 603, I shall briefly state my general views although the broad implications of the instant decision merit fuller treatment.

In both the above cases the prior rulings complained of from which no separate appeal had been perfected for "more than two months" were rulings on demurrers, appealable orders, under G. S. 1949, 60-3302. I adhere to both decisions insofar as the prior appealable orders there involved are concerned. I, however, do not believe the statute was intended to apply to the numerous orders which rest in the discretion of the trial court and which are not reviewable under G. S. 1949, 60-3302 and 60-3303.

Rulings such as on motions to make definite and certain, to strike portions of pleadings, permitting amendments of pleading, for continuances, setting cases for trial, limiting number of witnesses upon a particular issue, for separation of witnesses, order of proof; allowing evidence in rebuttal, time for argument, the number of special interrogatories to be submitted, and many others which might be mentioned do not pertain to substantive law and must of necessity

rest in the trial court's discretion. Ordinarily they are not in themselves reviewable, before final judgment. Of course, a ruling which *strikes out* a cause of action or a defense is equivalent to a demurrer and was reviewable long before the 1951 statute was enacted. That statute, therefore, was not enacted to permit a review of such a ruling.

The reason merely discretionary rulings are ordinarily not reviewable before final judgment is obvious. Such rulings ultimately may not affect the substantial rights of the complaining party in the slightest degree, even though the ruling should not have been made. In fact, the party complaining of such rulings frequently prevails in the action, as disclosed in many of our reports. Whether a party's substantial rights were affected by such discretionary rulings can seldom be determined properly until an appellate court obtains the complete record after final judgment. Justice Brewer stated the rule aptly in the early case of *Foreman v. Carter*, 9 Kan. 674, as follows:

"It is further objected that the question of amendments is one of discretion, and will not therefore be reviewed in this court unless it appear that that discretion has been abused. This is unquestionably so. Yet when the question arises on a record we are generally placed in a better position to weigh that discretion than when it is exercised during the trial of a cause." (p. 683.)

That sound doctrine has been followed consistently. Under it a party against whom an adverse ruling is made on an unappealable, as well as on an appealable, matter may present it on his motion for a new trial and obtain a review thereof by the trial court. If that court believes no prejudice has resulted therefrom the complaining party may have a review thereof in this court.

The instant opinion of the court, however, makes the great multitude of discretionary orders all reviewable before final judgment, if an appeal is later taken from an appealable order. The result may well be that this court, after judgment, with the additional light thrown upon the subject by a complete record, may be obliged to reverse its own former rulings. The real question in the instant case should not be confused. It is not whether appellate courts should be vested with greater power to review discretionary rulings. They possess full power in that respect now which is the right to examine critically a record to determine whether the discretionary power of a trial court has been abused. Neither is the question whether appellate courts should more carefully scrutinize such

rulings of trial courts, after final judgment. If that were the question I probably would agree they should.

The real question here now, however, is whether the legislature intended this court should exercise appellate review over the great multitude of discretionary orders, *before* final judgment. The previous statute, G. S. 1949, 60-3314a, applied only to a review after final judgment. Of course, neither was that statute enacted to make a review of discretionary rulings permissible for the obvious reason the right to have a review of such rulings, after final judgment, already existed. Its purpose was to eliminate the necessity of intermediate appeals from appealable orders within two months after they were made.

It also will be observed the legislature did not amend G. S. 1949, 60-3303, which defines a final order, or G. S. 1949, 60-3302, which specified what orders are reviewable, by adding discretionary orders thereto. Moreover, I find nothing in G. S. 1951 Supp. 60-3314a which discloses an intent to enlarge the scope of orders made reviewable by G. S. 1949, 60-3302 and 60-3303. Had the 1951 act been intended to make nonappealable orders reviewable, before final judgment, the legislature could easily and plainly have said, "Any and all previous rulings complained of are reviewable after an appeal has been properly perfected from any appealable order." It appears it cautiously avoided doing that. By its very language it expressly limited the review to some ruling of which the party complains which "was made more than two months before he perfected his appeal." Why was the right of review expressly restricted to rulings "made more than two months before he perfected his appeal"? It seems clear it was so restricted because the statute was intended to apply to prior appealable orders. They are the only orders to which the period of two months for appeal could possibly apply. (G. S. 1949, 60-3309.) Manifestly, that statute does not apply to discretionary nonappealable orders.

Of course, it would be inaccurate to say there can be no review, before final judgment, of any prior ruling which in itself is not appealable, as, for example, a discretionary ruling which is directly involved in the merits of a subsequent appealable order. A review of such a discretionary ruling is always permitted. It generally has been held an order *overruling* a motion to make a pleading definite and certain, when such motion has been successfully resisted, will be reviewed for the purpose of determining whether it

was properly overruled, if the identical pleading is later challenged by demurrer. Such discretionary ruling long has been reviewable for the purpose of determining whether the motion was properly overruled in order to ascertain whether the pleading later challenged by demurrer shall continue to be liberally, instead of strictly, construed on demurrer. In order to have a right of review of such a discretionary ruling the 1951 statute, therefore, was wholly unnecessary. The right also has previously existed to have a ruling reviewed which excluded evidence, a nonappealable order, where a demurrer was later sustained to the evidence. There again the reason for permitting a review of a ruling excluding the evidence is apparent. If the evidence had not been excluded a cause of action, or defense, might have been established and, if so, the demurrer should have been overruled. The 1951 statute was wholly unnecessary to permit a review of such an order which in itself was nonappealable. There are other similar discretionary rulings which have been held to be reviewable before final judgment where they are directly connected with an appealable order. We shall not take the time to enumerate them.

To my mind two things are quite clear. One is the 1951 statute was not intended to authorize a wholesale review of all nonappealable orders, *before* final judgment, for the simple reason that in many instances it cannot be determined with certainty and fairness, at that stage of the proceedings, whether the discretionary ruling has, or will, affect a party's substantial rights. The other thing is the statute does not by its terms indicate an intention to make reviewable purely discretionary rulings, before final judgment, but on the contrary, indicates an intention to make intermediate appealable orders reviewable although no independent appeal had been perfected therefrom within two months as required by G. S. 1949, 60-3309, provided an appeal from an appealable order properly has been perfected thereafter.

Smith and Price, JJ., concur in the foregoing dissenting opinion.